UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURIE DEE HUGHES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | Civil Action No. 3:26-CV-0152-X |
| v. | § | |
| | § | |
| THE UNITED STATES OF | § | |
| AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Laurie Dee Hughes's case against Defendant the United States of America for failure to prosecute her case.

Hughes filed her complaint against the United States in January 2026. (Doc. 1). Hughes requested summons, but the United States did not appear, and Hughes never filed proof of service. (Doc. 3). On July 1, 2026, the Court ordered Hughes to provide proof of service pursuant to Federal Rule of Civil Procedure 4(m) no later than July 7, 2026, and warned Hughes that failure to comply with the Court's Order would result in the Court dismissing the case pursuant Rules 4(m) and 41(b). (Doc. 4). Hughes never filed proof of service or provided the Court with any response.

Rule 41(b) allows the Court to "dismiss the action or any claim" if "the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Dismissal under

---

[1] FED. R. CIV. P. 41(b).

1

Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[2]

What is clear is that dismissal is appropriate under Rule 41(b) because Hughes has failed to prosecute her case and she and her attorney have disobeyed the Court's orders. The more difficult inquiry is whether that dismissal should be with prejudice or without prejudice. The Court, in its discretion, notes that despite Hughes and her lawyer's failures, the record lacks the findings of purposeful delay or contumaciousness, and the Court has not already imposed the lesser sanctions necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires. Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Hughes's case against the United States for Hughes's failure to prosecute her case and Hughes and her lawyer's failure to comply with the Court's orders.

**IT IS SO ORDERED** this 24th day of July, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

2